UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRIEN DASH,

Plaintiff,

v. Case No. 8:26-cv-01566-AEP

ALEX COTTO,

Defendant.
_______________________________________/

**ORDER**

This cause comes before the Court upon Defendant's Motion to Dismiss the Complaint or Stay Proceedings and Compel Arbitration (Doc. 12), Plaintiff's Response in Opposition (Doc. 15), and Plaintiff's Reply (Doc. 22). This Court held a hearing on the matter on August 24, 2026 (Docs. 23–27). For the reasons stated at the hearing and set forth below, Defendant's Motion is denied without prejudice.

## I. Background

Plaintiff sued Defendant for defamation per se (Count I) and defamation (Count II) (Doc. 1, ¶¶ 56–73). Defendant is a former baseball operations executive that worked with Plaintiff's wife, Ms. Charisse Dash, who is a Major League Baseball Players Association-certified player agent (Doc. 1, ¶¶ 1, 14, 17). Ms. Dash established her own agency Movement Baseball, and Defendant provided services to Movement Baseball as an affiliated independent contractor through his own entity Cotto Consulting (Doc. 1, ¶¶ 17–18). Plaintiff alleges that Defendant misappropriated approximately $100,000

from Movement Baseball over the course of several years (Doc. 1, ¶¶ 20–23). This resulted in termination of the business relationship between Ms. Dash and Defendant (Doc. 1, ¶ 24). Because of this, Plaintiff alleges that Defendant retaliated by telling one of Ms. Dash's player clients that Plaintiff had been indicted for embezzlement, is a scammer, and abuses his wife (Doc. 1, ¶¶ 20, 23, 28–29, 32). Plaintiff further alleges that Defendant later instructed the player to delete the messages (Doc. 1, ¶ 38).

The MLBPA Regulations Governing Player Agents, attached as Exhibit D to the Motion, certify individuals as player agents and govern their conduct. *See* Regulations § 2(C). Section 7 makes arbitration the exclusive method for a defined set of disputes. *Id.* § 7. Section 4(L)(3) provides that a certified agent may not affiliate with a person or entity unless that person or entity consents to the MLBPA's jurisdiction. *Id.* § 4(L)(3).

## II. Discussion

Arbitration agreements are governed by the Federal Arbitration Act (FAA), 9 U.S.C. § 2 (2006), which establishes a national policy that favors the resolution of disputes by arbitration when the parties have contracted for that mode of dispute resolution. *Preston v. Ferrer*, 552 U.S. 346, 353 (2008). Section 2 of the FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

This Court must first determine the threshold issue of whether there is a valid agreement between the parties to arbitrate. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). "Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements." *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (citing *Perry v. Thomas*, 482 U.S. 483 (1987)). Under Florida law, a valid contract requires offer, acceptance, consideration, and sufficiently definite essential terms. *Triton Stone Holdings, L.L.C. v. Magna Bus., L.L.C.*, 308 So. 3d 1002, 1006 (Fla. 4th DCA 2020).

Based on the relevant filings and arguments heard at the hearing, this Court cannot identify Plaintiff's valid agreement to arbitrate. MLBPA Regulations Section 4(L)(3) states that "[a] Certified Agent may not be employed by or affiliated with an Agency, person, or entity unless such Agency, person, or entity complies with the MLBPA's regulations *and consents* to the MLBPA's jurisdiction." Thus, under that Section, a Player Agent must have secured an affiliated person's consent to arbitrate. There is no evidence of Plaintiff's agreement to arbitrate or be bound by the MLBPA's jurisdiction here. Without that, this Court is unable to determine whether the disputed subject matter between the parties falls within the coverage of the MLBPA Regulations such that arbitration is mandatory.

## III. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. Defendant's Motion to Dismiss the Complaint or Stay Proceedings and Compel Arbitration (Doc. 12) is DENIED WITHOUT PREJUDICE.

2. Defendant must answer the Complaint no later than September 15, 2026.

DONE AND ORDERED in Tampa, Florida, on this 27th day of August 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record